(No. 24279. ▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT M. SMITH, Plaintiff in Error.

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

A. A. Pantelis, and Peter D. Caloger, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Donald Korshak, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

Herbert M. Smith was indicted in the criminal court of Cook county for selling at retail alcoholic liquor in territory in which the sale of liquor was prohibited. A motion was made to quash the indictment which was denied. The defendant entered a plea of not guilty. Evidence was heard

by the court without a jury. The defendant was found guilty and fined $50. Motions for a new trial and in arrest of judgment were overruled and the judgment was entered. The case is here on writ of error.

The defendant operated a tavern in an unincorporated section of New Trier township at Dundee Road and Hohfelder Lane in the northwest corner of the township outside the limits of the village of Glencoe which is an incorporated village. The evidence discloses that a Cook county highway police officer in the village of Morton Grove went to the defendant's tavern, purchased some beer, confiscated certain intoxicating liquor displayed on the bar and arrested the defendant. The defendant, Smith, did not display a county license to sell liquor. He informed the police officer that he had a license earlier the day of his arrest but it had been taken from him by a sergeant of the Cook county police department, acting as agent of the Liquor Control Commission of Cook county. The defendant was given a receipt for the license, which would expire on April 30, 1937. The defendant's license was not revoked on the day it was taken from him and it had not been marked as revoked or canceled. The defendant had a Federal license and he had paid to the Liquor Control Commission of Illinois the required license fee and obtained a receipt therefor. The liquor confiscated contained alcohol by volume of 4.4 per cent; by weight, 3.52 per cent, and was 9.8 per cent proof. Under the statute it was, therefore, intoxicating.

An election was held on April 10, 1934, in the unincorporated parts of four of the election districts of New Trier township, upon the proposition of whether the sale at retail of alcoholic liquor should be prohibited in that part of New Trier township lying without the corporate limits of any city, village or incorporated town in said township. There were cast in favor of the proposition—that is, to prohibit the sale of liquor—114 votes, and against the proposition, 58 votes.

The contentions on behalf of the defendant are largely the same as those made upon the motion to quash the indictment. The principal question is whether the legislature had the right to enact that part of the Liquor Control act which authorizes portions of a township outside of incorporated cities, villages and towns to pass on the question of whether liquor shall be sold in such unincorporated portions of a township. Paragraph 75 of the Liquor Control act provides for a referendum vote on the question of the prohibition of the sale of alcoholic liquor in any city, village or incorporated town of more than 200,000 inhabitants. Another part of the same paragraph gives the same right to such municipalities containing 200,000 inhabitants or less. A third part of the paragraph, (the part here involved,) provides that "In all townships or road districts (or in a part thereof where part of such township or road district lies within and a part without a city, village or incorporated town) lying without the corporate limits of a city, village or incorporated town, the vote of any such township, road district or said part thereof, shall be as a unit." The paragraph provides for the submission of the proposition to the voters upon the filing in the office of the clerk of the township or road district a petition signed by not less than twenty-five per cent of the legal voters of such township or road district or part thereof. (State Bar Stat. 1935, pp. 1434, 1435.) By this paragraph the proposition may be submitted in any municipality of whatever population and in any unincorporated territory in the State. The act is, therefore, applicable to all the inhabitants of the State who wish to comply with the statute.

It is contended that townships cannot exercise the power of local self-government as they exist under the constitution but that they are only fiscal agents of the counties of the State; that local self-government is exercised only by municipal corporations proper, such as incorporated cities, villages and towns; that the right to vote at a local option

election is limited to the voters of incorporated cities and villages, as one of the principal reasons for their incorporation is that police powers and regulations peculiar to their own communities may be regulated by the inhabitants and voters thereof. It is true that a town under the township organization system is a civil subdivision of the county and is a subordinate agency to aid in the administration of the general State and local government, (*County of Cook* v. *City of Chicago,* 311 Ill. 234; *People* v. *Martin,* 178 id. 611;) but it is hardly accurate to say that townships exercise no powers of self-government and have no police power under any circumstances. One illustration will show that the statement is incorrect. Parks may be established in townships for the health and welfare of their citizens. The provision for the health and welfare is under the general police power. (*Great Atlantic and Pacific Tea Co.* v. *Mayor of Danville,* 367 Ill. 310.) While article 10 of the constitution, which relates to counties, provides, in section 5 thereof, that the General Assembly shall provide by general law for township organization, there is nothing in the article to negative the right of self-government in townships in respect to local option or other local concerns. Chapter 139 of the statutes is devoted to township organization. Article 4 of that chapter relates to the corporate powers of towns. The electors at town meetings have power to take all necessary measures and give directions for the exercise of their corporate powers. Among other functions, townships may maintain within their limits, cemeteries, whose control and management need not differ essentially from the management and the control of cemeteries in municipalities.

There is no constitutional requirement that the legislature must adhere to boundary lines of counties or townships in legislating upon subjects involving the prescribing of areas or districts. Parks in townships have been mentioned. They are not required to follow established bound-

ary lines and are not confined in their government to the ordinary township officers elected or appointed under township organization. Drainage and levee district boundaries are not required to be related to the boundaries of counties or townships.

There is no inherent right to sell intoxicating liquors. It is the policy of the State to consider the right to such traffic as permissive only. (*Great Atlantic and Pacific Tea Co.* v. *Mayor of Danville, supra.*) It is the duty of the court to so construe acts of the legislature as to uphold their constitutionality and validity if it can be done. (*People* v. *McBride,* 234 Ill. 146.) To authorize the court to hold a law unconstitutional its repugnance to the organic law must clearly appear. (*City of Chicago* v. *Manhattan Cement Co.* 178 Ill. 372; *Hawthorn* v. *People,* 109 id. 302.) Under the police power the General Assembly has the authority to pass an act for the promotion of the public health, morals, safety and general welfare, when conditions exist which call for the exercise of such power. (*People* v. *Linde,* 341 Ill. 269.) In *Great Atlantic and Pacific Tea Co.* v. *Mayor of Danville, supra,* we held that in determining the reasonableness of an ordinance regulating the liquor traffic the "public good and convenience," as those words are used in the Liquor Control act, are equivalent to "public health, comfort, safety and welfare," as used with reference to the general police power. The electors of cities and villages may pass upon the question of whether intoxicating liquor shall be sold within their boundaries. (*City of Fairfield* v. *Pappas,* 362 Ill. 80; *People* v. *McBride, supra.*) On the ground of the exercise of the police power the electors outside of incorporated districts should have the same right as electors in municipalities.

It is also contended that the legislature cannot force non-contiguous sections of territory to act as a unit for local self-government. It is admitted that there is no provision in the constitution which requires that all units of

government must be composed of contiguous territory. There is, therefore, no constitutional question presented by this contention. If the constitution does not forbid the action, the legislature is not otherwise restrained from authorizing the residents of non-contiguous territory to act as a unit in voting upon the proposition of whether intoxicating liquor may be sold therein.

A somewhat similar ground of unconstitutionality is urged, in that the act provides that the vote of townships outside of incorporated cities, village and towns shall be as a unit, whereas in certain incorporated cities, groups of contiguous precincts voting as a unit must comprise an area no two points of which are more than one mile apart, and that there is no reasonable basis for the classification. The evidence shows that the distance between the two furthermost parts of the unincorporated sections in which the election was held, is at least three miles. The element of population affords a reasonable basis for a different rule with respect to the classification of areas for voting purposes. Townships have more area than incorporated cities and villages. It is obvious that in many townships the territory is sparsely populated. In farming communities the adherence to a provision which is proper for populous incorporated municipalities might require numerous polling places for few voters, entailing unnecessary expense in the conduct of elections. It has not been shown that there was injury to anyone in the method of voting as a unit, though the territory in which the voters resided was not contiguous. It is not shown that the result of the election would have been different if the township, outside of the incorporated districts, had not voted as a unit. Moreover, an election and the procedure in a local option matter of this kind can not be attacked in a collateral, criminal proceeding. (*State v. Cooper*, 101 N. C. 684; *Woodard v. State*, 103 Ga. 496.) The contention of the defendant on this point cannot be sustained.

It is contended that the statute was not complied with in respect to the signing of the petition by the number of legal voters for the calling of the election upon the proposition submitted. The principal objection is that the year "1934" and the month "February" had been typewritten in the petition on or opposite each line for a signature, and only the day of the month was left blank for the signer to fill in personally. All the signatures were obtained in February, 1934. We do not have presented the total failure of the petition to show any act by the signer to disclose the date he signed the petition. The writing in of the day of the month was an affirmative act in pursuance of the statute, and completed the information required by the statute. In determining how far a statute is mandatory the legislative intent must govern. We must consider the importance of the punctilious observance of the provision in question with reference to the object the legislature had in view. All laws are mandatory in the sense that they impose the duty of obedience on those who come within their purview, but it does not follow that every slight departure therefrom shall taint the whole proceeding with a fatal blemish. The omission of the signer of the petition to write in the year and month, when they were already in the petition, did not render the petition invalid. (*People* v. *Graham,* 267 Ill. 426; *Siedschlag* v. *May,* 363 id. 538.) The petition is not subject to collateral attack.

It is further contended that paragraphs 17 and 18 of the Illinois Liquor Control act are unconstitutional in that they vest legislative power in the county board and the president thereof as liquor control commissioners. Paragraph 17 provides in part that "The county board shall have the power by general ordinance or resolution to determine the number, kind and classification of licenses * * * the amount of the local license fees * * * and to establish such further regulations and restrictions upon the issuance of and operation under local licenses not inconsistent with

law as the public good and convenience may require." Paragraph 18 vests the same authority in the president of the county board as liquor control commissioner in unincorporated territories. (State Bar Stat. 1935, p. 1424.) The question of the power of the board of trustees or the president of a county board with respect to determining and regulating the number, kind and classification of licenses is not here involved. There was no legislative power or discretion for them to exercise. By the vote of the electors in the district it was determined that there should be no right to sell liquor at retail in the district mentioned. The basis of the indictment was the unlawful sale of liquor in the prohibited territory. Moreover, paragraph 101 of the Liquor Control act provides that the articles, provisions and sections of the act shall be deemed to be separable, and the invalidity of any portion of the act shall not affect the validity of the remainder. (State Bar Stat. 1935, p. 1440.) The defendant was not in a position to require that this court pass upon the constitutionality of the paragraphs mentioned. *People* v. *Williams,* 309 Ill. 492.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*