ALBERT A. HAVLIK et al., Plaintiffs-Appellants, v. JOHN MARCIN, Defendant-Appellee.

(No. 54022;

First District—March 29, 1971.

Daniel L. Houlihan, of Chicago, for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Oliver D. Ferguson, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Plaintiffs challenge a local option election held in the 38th Precinct of the 16th Ward of Chicago on November 5, 1968. The election resulted in prohibition of the sale of alcoholic liquor in the precinct by a vote of 170 to 89. This result was proclaimed by the Canvassing Board on November 26, 1968, and the petition to contest the validity of the election was filed by the eight plaintiffs on December 4, 1968. Defendant, City Clerk of Chicago, filed a written motion to strike and dismiss the petition. This motion was granted and the petition was dismissed.

Two issues must be decided by this court:

First, was the challenge to the election timely filed so that the validity of the proposition petition upon which the election was based may now be attacked by plaintiffs?

Second, was the proposition ballot in proper statutory form?

The first contention is a matter of statutory construction involving portions of the Illinois Liquor Control Act. ch. 43, Ill. Rev. Stat. Section

4 of this Act (ch. 43, par. 169) sets forth the form of the petition for submission of the proposition. It also provides:

"Any five legal voters of any   *   *   *   precinct in which a proposed election is about to be held as provided for in this Act, within any time up to 30 days immediately prior to the date of such proposed election and upon filing a bond for costs, may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court   *   *   *"

If this provision is applicable, plaintiffs may not challenge the legal sufficiency of the proposition petition as they attempt to do. Plaintiffs' suit was filed eight days after proclamation of the result.

However, plaintiffs contend that they may urge alleged defects in the proposition petition under authority of section 17 of the Liquor Control Act (ch. 43, par. 182). This statute authorizes any five legal voters of the precinct to "contest the validity of such election" in the Circuit Court by filing a verified petition "within 10 days after the canvass of the returns of such election." Counsel for plaintiffs argue, with ingenuity, that since the proposition petition is the jurisdictional basis of the election (*People v. Wanek,* 241 Ill. 529, 535), the right to contest the validity of the election necessarily carries with it the right to contest the validity of the petition. We cannot agree with this point of view. Accepted rules of statutory construction lead us to a contrary result.

■■ In ascertaining the legislative intent, all sections and portions of the statute must be read and considered together and as a whole. One section may not be construed by itself to the exclusion of all other sections. (*People v. Holmes,* 98 Ill.App.2d 11, 15; *People v. Village of Justice,* 88 Ill.App.2d 227, 236; *Carnahan v. McKinley,* 80 Ill.App.2d 318, 320.) Thus we cannot consider section 17 by itself; but we must consider and construe it together with and in the light of section 4. If section 4 did not exist, plaintiffs' argument would be more forceful. However, the plain language of section 4 limits challenge to the validity of the proposition petition to the period more than 30 days immediately prior to the date of election.

■■ In addition, specific portions of a statute take precedence and control in their practical application over more general portions of the same Act. (*Mills v. County of Winnebago,* 104 Ill.App.2d 366, 372; *In re Estate of Gubala,* 81 Ill.App.2d 378, 383; *Jansen v. Illinois Fund,* 58 Ill. App.2d 97, 105.) In this situation, section 17 is a general statute concerning the field of validity of the election. By contrast, section 4 is a specific statute addressed by the legislature to the most particular matter of contesting "the validity of the petitions for such election." It follows necessarily that the efforts of plaintiffs to attack the validity of the petition

must be authorized by the clear and specific language of section 4 rather than by the general provisions of section 17.

■■ Finally, in construing a statute it is our duty to attempt always to choose that construction which will give the statute a clear and logical meaning rather than any other construction which would tend to make its provisions illogical or useless. (*Board of Education v. Community H. S.*, 89 Ill.App.2d 481, 485; *Pinkstaff v. Penn. Ry. Co.*, 31 Ill.2d 518, 524; *Linkens v. Furman*, 52 Ill.App.2d 1, 8.) The construction insisted upon by plaintiffs would strip section 4 of all meaning and they could contest the validity of the proposition petition at any time until 10 days after proclamation of the results.

■■ In this area, the practical background of section 4 must be considered. The legislative purpose seems clear and logical to provide for determination of the validity of the proposition petition before the election and not thereafter. This would eliminate possible unfortunate situations in which validity of the petition would be challenged after the trouble and expense of the election. Also, the construction advanced by plaintiffs would permit them to gamble upon the outcome of the election and to challenge the validity of the proposition petition only if the election result was contrary to their own interests or desires.

■■ In our opinion, section 4 of the Liquor Control Act is applicable here. Plaintiffs failed to challenge the validity of the petitions for the election up to 30 days immediately prior to the date of the election. It follows that the trial court acted properly in dismissing plaintiffs' petition insofar as it attempted to challenge the validity and sufficiency of the proposition petition in question.

Plaintiffs properly raise the remaining issue with reference to the sufficiency of the proposition ballot. The form of the ballot is governed by section 6 of the Liquor Control Act (ch. 43, par. 171). The question to be printed on the ballot was, "Shall the sale at retail of alcoholic liquor be prohibited in —————?" To the right of this question are appropriate spaces with the words, "Yes" and "No" with blank spaces after each word for use by the voter. The Act also provides, concerning the blank space, that (ch. 43, par. 166 Liquor Control Act § 1):

"* * * the proper name, whether of a 'township', 'road district', 'precinct', 'city', 'village' or 'incorporated town' shall be understood to be inserted in the blank, and the same shall be inserted in the petitions filed by and the ballots prepared for the voters of any precinct, township, road district, city, village or incorporated town."

In the case at bar, the ballots described the affected area as "this precinct" and these two words were inserted into the blank when the

ballots were printed. Thus, the ballot handed to every voter and used in the election put the question as follows:

"Shall the sale at retail of alcoholic liquor be prohibited in this precinct?"

The contention raised by plaintiffs is that the term "this precinct" is not the proper name of the 38th Precinct of the 16th Ward of Chicago, nor of any other precinct and therefore that the question as contained upon the ballot was not only inadequate but ambiguous. No directly applicable authority is cited by plaintiffs or by counsel for their opponent. The only general proposition applicable to this type of situation is that which we learn from the decisions of our Supreme Court. That court has held, "that where a special statute declares the form of the ballot there must be a substantial compliance with the special statutory mandate," and failure to comply with the law renders the election void. (*People v. C. R. I. & P. R. R. Co.*, 6 Ill.2d 266, 271. See also *Smith v. Calhoun District*, 16 Ill.2d 328, 332.) From these same decisions, we learn also "that not every deviation from the form of ballot prescribed by the applicable statute for voting on a proposition will render the election void, the test being whether the ballot used gives the voter as clear an alternative to vote for or against the proposition as is given by the form prescribed by the statute." 6 Ill.2d 266 at page 273.

The case at bar is not quite the same as a situation in which there is a deviation from the statutory language. The ballot here was in the statutory form except that a question arises as whether the proper name of the precinct in question was inserted in the blank. The issue is whether use of the words, "this precinct" gave the voter a clear and understandable statement of the alternatives before him.

■■ We conclude that the ballot here did constitute substantial compliance with the statute and did enlighten the voters as to the proposition before them. The important concept to the voter was not that of the 38th Precinct of the 16th Ward. The question uppermost in the mind of every voter would be whether or not the sale of alcoholic liquor should be prohibited in the precinct in which that voter lived and voted. It would be difficult to conceive of a better manner of expressing this concept to the voter than by use of the phrase, "this precinct."

There is indirect support for this result in the language of the Supreme Court as relied upon by counsel for defendant. The court has defined "precinct" as "a compact geographical unit for voting purposes in which a single polling place is located. Voters residing in the precinct may vote only at the polling place located therein." (*People v. Fagerholm*, 17 Ill.2d 131, 139, 140.) Many citizens may not know or remember the number of their precinct or of their ward. Even a lesser number would know

the precise boundaries of their precinct or ward. However, as a general matter, every voter of intelligence would know that the words "this precinct" applied to the compact geographical area within which his home and polling place are located. In our opinion, the phrase "this precinct" described the area "in common language which could be readily understood by anyone" casting a ballot. *Carstens v. Board of Education*, 27 Ill.2d 88, 90.

We, therefore, hold that the ballots used in this proposition election were in proper and sufficient legal form. It follows that the judgment dismissing plaintiffs' petition was correct and it is accordingly affirmed.

Judgment affirmed.

BURKE, P. J., and LYONS, J., concur.