728

Jack Frick *et al.*, Plaintiffs-Appellants, *v.* Central Township, Bond County, Defendant-Appellee.

(No. 73-229; 

Fifth District—April 8, 1974.

Carl H. Stowe, of Greenville, for appellant.

James E. Buchmiller, of Greenville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This case involves an election contest. On April 3, 1973, an election was held for township officers in Central Township, Bond County. Also there was a vote taken on the proposition: "Shall the prohibition of the sale at retail of alcoholic liquor be continued in that part of the Town of Central, Bond County, Illinois, lying outside the corporate boundaries of the City of Greenville, Bond County, Illinois." Petitioners were not allowed to vote on the proposition because they lived within the corporate limits of the City of Greenville. In order to obtain a ballot on the proposition it was necessary to sign an affidavit that the voter lived outside the corporate limits of the City of Greenville. It seems that the reason for the affidavit is that all of the polling places were located within the city of Greenville.

The petitioners filed a contest of election which the court considered a petition for same. The defendant subsequently filed a motion to dismiss and a motion for summary judgment. After hearing oral arguments and receiving memoranda of authorities and citations, the trial court granted the defendant's motion to dismiss. From this decision in the circuit court of Bond County, the petitioners appeal.

Section 17 of article IX of chapter 43 states, "Any 5 legal voters of any political subdivision or precinct in which an election has been held as provided for in this Act may within 10 days after the canvas * * * contest the validity of such election * * *." (Ill. Rev. Stat., ch. 43,

par. 182.) The trial court held that to have proper standing to bring an election contest under section 17 the five legal voters of the political subdivision must be those persons entitled to vote on the referendum. The petition states that "Petitioners are residents and legal voters of the County of Bond, State of Illinois, and Greenville, Illinois in Central Township." The court then found that because the petitioners lived within the corporate limits of Greenville they did not have the capacity to sue and in accordance with section 48(1)(b) of chapter 110 (Ill. Rev. Stat., ch. 110, par. 48(1)(b)), he dismissed the suit.

The real issue involved in this case is whether or not an unincorporated area of a township may hold an election and limit the eligible voters to those residents who reside in the unincorporated area of the township. Section 2 of article IX of chapter 43 controls the circumstances under which referendums on retail sales of alcoholic liquor shall be held. It states: "In each township or road district lying outside the corporate limits of a city, village or incorporated town, or *in a part of a township* or road district lying partly within or partly outside a city, village or incorporated town, the vote of such township, road district or part thereof shall be as a unit." (Emphasis added.)

If the legislature did not intend to allow parts of townships rather than only the whole township vote on a proposition then there would be no purpose in the words "in a part of a township" being included in the statute.

A question similar to the case before us was decided in Illinois in 1938.

In *People v. Smith*, 368 Ill. 328, the supreme court held that there is no constitutional requirement that the legislature adhere to county or township lines in authorizing local option in certain area or districts, and it may authorize residents of non-contiguous territory to act as a unit voting upon the proposition of whether intoxicating liquor may be sold therein, as electors outside of incorporated districts should have the same right as electors in municipalities.

We need not pass upon the argument advanced by the petitioners that sections 2 and 9 of article IX of the Dram Shop Act are unconstitutional in that the words "or part thereof" do not harmonize with the bulk of the Dram Shop Act. (Ill. Rev. Stat., ch. 43, pars. 167 and 174.) This point was not raised at the trial level. However, as part of its decision in *People v. Smtth, supra,* the court upheld the constitutionality of the procedure which provided for local option elections in portions of townships. The court said it was its duty to so construe acts of the legislature as to uphold their constitutionality and also that there was nothing in the constitution to prohibit such a procedure. The petition has not indicated any reason why we should depart from the holding in *People v. Smith.*

Thus that holding, being the last determination by the Illinois Supreme Court on this issue, is controlling. We therefore hold that the unincorporated area of Central Township, Bond County, may vote as a unit. Because the petitioners all reside in Greenville, they were not eligible to vote in this election and thus had no standing to sue. We therefore hold that the trial court pursuant to section 48(1)(b) of chapter 110 correctly dismissed the suit and we affirm that decision.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.