WALTER L. HUGULEY *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 62544

Opinion filed June 1, 1976.

Maragos, Richter, Berman, Russell, and White, Chartered, of Chicago (Harold Richter, of counsel), for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs, five residents of the 3rd Precinct of the 7th Ward in Chicago, Illinois, filed a petition to enjoin the Board of Election Commissioners of the City of Chicago from filing with the Secretary of State of Illinois the

report of the "local option" election held November 5, 1974, in which the sale of alcoholic liquor except in the original package and not for consumption on the premises was prohibited 135 to 28. The petition attacked the constitutionality of article IX of the Illinois Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, pars. 166-182). Plaintiffs alleged that failure to provide notice to resident voters and resident liquor licensees of the precinct violated article I, section 2, of the Constitution of Illinois and section 1 of the Fourteenth Amendment to the Constitution of the United States. Upon motion, the trial court dismissed the petition and denied plaintiffs' post-trial motion. Plaintiffs appeal.

The local referendum provisions of the Illinois Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, pars. 166-182) provide in pertinent part:

" 'Precinct' means any part of a city, village or incorporated town of over 200,000 population which was a 'voting precinct' or an 'election precinct' for voting at the last general election." (Ill. Rev. Stat. 1973, ch. 43, par. 166.)

Section 2 of article IX provides for the filing of a petition to submit to the voters in a precinct a proposition seeking to prohibit the sale of alcoholic liquor in that precinct. Section 4 of article IX provides that the petition shall contain the "[d]escription of precinct, township, road district or part thereof, as of the last general election." Section 5 of article IX provides for the publication of notice of submission of the proposition to the voters of the precinct.

Between the general election in 1972 and that in 1974, the 3rd Precinct of the 8th Ward was designated as the 3rd Precinct of the 7th Ward. There were no changes in the boundaries of the precinct.

The petition for local referendum in this case consisted of 17 pages and was signed by "residents and legal voters of the Third Precinct (as the said Precinct existed as of the last General Election) of the Eighth Ward" for the submission "to the voters thereof" the proposition:

" 'Shall the Sale at Retail of Alcoholic Liquor containing more than 4% of Alcohol by weight except in the original package and not for consumption on the premises be prohibited in this Third Precinct of the Eighth Ward of the City of Chicago?' (As the said Precinct existed as of the last General Election)"

At the bottom of Sheet Number One appeared:

"Explanation: The Third Precinct of the Eighth Ward as it existed as of the last General Election now lies within the boundaries of the Seventh Ward and is still designated as the third Precinct."

The Notice of General Election published in the Chicago Daily News on October 4, 1974, gave notice that the above quoted proposition would be submitted to the voters of "All of Precinct 3 of Ward 7 * * * (As the said Precinct existed as of the last General Election)."

The ballot on its face stated:

"FOR USE IN
Precinct 3, Ward 7 of the City of Chicago"
and set forth the proposition quoted above, including the language:
"(As the said Precinct existed as of the last General Election)."
The reverse side of the ballot contained the following:

"OFFICIAL ALCOHOLIC LIQUOR
PROPOSITION BALLOT
Precinct 3        WARD 7
CHICAGO, ILL.
ELECTION, NOVEMBER 5, 1974

This ballot has been furnished to be voted in territory which was located in Precinct 3 of Ward 8, as the precinct was bounded at the time of the general election held on November 7, 1972."

The "Statement of the Results of the Canvass of the Election Returns" for that election showed that the vote on the proposition was YES—135; NO—28.

Plaintiffs' claim of denial of constitutional rights is based upon the fact that the election was held in the 3rd Precinct of the 7th Ward while the notice of the election and the proposition on the ballot refer to the 3rd Precinct of the 8th Ward. This claim is without merit.

The constitutionality of the local option provisions of the Liquor Control Act has been consistently upheld. *People v. McBride* (1908), 234 Ill. 146, 84 N.E. 865; *O'Connor v. Rathje* (1938), 368 Ill. 83, 12 N.E.2d 878; *People v. Smith* (1938), 368 Ill. 328, 14 N.E.2d 82.

■■ A license to sell alcoholic beverages at retail is not a right but a privilege, and as such it is not subject to the protection of due process under the Constitution. *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262, *leave to appeal denied*, 55 Ill. 2d 602, *dismissed for want of a substantial Federal question*, 417 U.S. 963.

■■ In *Walker v. Marcin* (1974), 24 Ill. App. 3d 791, 321 N.E.2d 406, *leave to appeal denied*, 58 Ill. 2d 595, complaints contesting the validity of two local option elections had been dismissed by the trial court. Plaintiffs had alleged that article IX, Local Referendum, of the Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, pars. 166 *et seq.*) was unconstitutional because it failed to provide for actual notice to resident voters and retail liquor licensees of the circulating and filing of local option petitions in violation of article I, section 2, of the Illinois Constitution and of section 1 of the Fourteenth Amendment to the Constitution of the United States. The court said:

"In *People v. McBride* (1908), 234 Ill. 146, 84 N.E. 865, the court

held it was not necessary to give notice other than that provided by the Act, stating at pages 171-172:

'It is next urged that the act provides for an election without any notice. It may be conceded that notice is essential to a valid election, but no such question is involved in this case. The act provides for notice, and, after specifying the notice to be given, provides that the failure to give notice shall not affect the validity of the vote. The question whether that provision is valid could only arise upon a failure to give the prescribed notice, and whether such failure would invalidate an election might depend upon the facts of the particular case, such as whether there was a mere irregularity in giving notice, whether the voters all knew of the proposition, and whether the result was affected in any way. That question does not arise on this record and could not affect the whole act.' "

The appellate court affirmed the dismissal of the petitions, stating that no constitutional rights were violated because the only notice necessary was that provided by the Act and that the notice by publication in the newspaper met the reasonable requirements of the Act.

■■ In this case, the notice published in the Chicago Daily News was the notice required by section 5 of article IX and did not violate the constitutional requirements of due process. Because the ward description was changed from Ward 8 to Ward 7 since the last general election, the notice properly referred to the submission of the proposition to the voters of "all of Precinct 3 of Ward 7" and that the proposition being voted upon was concerned with the prohibition of the sale of liquor in the 3rd Precinct of the 8th Ward "as the said Precinct existed as of the last General Election." The ballot on its face stated that it was to be used in the 3rd Precinct of the 7th Ward. The reverse side of the ballot made it clear that the precinct boundaries had not been changed; the only change was in the ward description from Ward 8 to Ward 7. There were no constitutional defects in the ballot or in the election.

■■ Article IX of the Liquor Control Act is constitutional. The local option election conducted in the 3rd Precinct of the 7th Ward was valid. Plaintiffs' petition was properly dismissed and their post-trial motion properly denied.

Orders affirmed.

GOLDBERG, P. J., and BURKE, J., concur.