ANN M. COOPER *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.—DOUGLAS ALEXANDER *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.—GEORGE H. HILBRING *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.— JOHNNY DIGGS *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.

First District (1st Division)    Nos. 62376-79 cons.

Opinion filed December 20, 1976.

Morton Siegel, of Chicago (Allan Goldberg, of counsel), for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellee John C. Marcin.

Ian H. Levin, of Chicago, for appellees Board of Election Commissioners of the City of Chicago.

Mr. JUSTICE SIMON delivered the opinion of the court:

Plaintiffs, residents of the 2nd, 4th, 23rd and 28th precincts of the 7th Ward in Chicago, sought to enjoin the Board of Election Commissioners from filing with the Secretary of State of Illinois the reports of "local option" elections held in these four precincts on November 5, 1974. Plaintiffs appeal from the dismissal of their complaints and denial of their post-trial motions.

The local option referendum petitions were filed on September 6, 1974, in the office of Chicago's city clerk. The city clerk certified the filing on September 9, 1974, and on September 10, 1974, delivered the petitions to the Board of Election Commissioners in compliance with the procedure set forth in section 2 of article IX of the Illinois Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 167). Notice of the election was published in the Chicago Daily News on October 4, 1974. On November 5, 1974, the

voters in each of the four precincts voted by margins of more than two to one to prohibit the sale of alcoholic liquor except in the original package and not for consumption on the premises.

The last previous general election in these precincts was held on November 7, 1972. As a result of redistricting, effective August 1, 1974, the former 2nd and 42nd precincts of the 8th Ward became the 2nd and 4th precincts, respectively, of the 7th Ward without any change in boundaries. The redistricting added some territory to the 28th precinct of the 7th Ward. The 23rd precinct of the 7th Ward was not affected by the redistricting.

Plaintiffs' complaints were filed pursuant to article IX, section 17 of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 182). Plaintiffs alleged that (i) the petitions seeking the local option election were invalid; (ii) plaintiffs were not given sufficient notice of the election, and the referendum provisions of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, pars. 166-182), insofar as they do not provide for actual notice, violate the due process clause; (iii) the ballots did not adequately designate the precincts to be affected by the election; and (iv) certain irregularities were committed on the day of the election—for example, ballots were incorrectly counted or improperly invalidated and ineligible persons were allowed to vote.

■■ In our opinion, the dismissal of the complaints by the circuit court was not improper. The issue of the validity of the petitions can be raised only in a pre-election challenge filed pursuant to section 4 of article IX of the Illinois Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 169). (*Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189.) There was no such challenge here.

■■ Plaintiffs assert that notice by publication 32 days prior to the election was not sufficient to meet the standards of the due process clause. The published notice given here was in compliance with the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 170) and the Election Code (Ill. Rev. Stat. 1973, ch. 46, pars. 12—1, 12—3). Notice identical to that given in the present case was approved in *Walker v. Marcin* (1974), 24 Ill. App. 3d 791, 321 N.E.2d 406, *leave to appeal denied* (1975), 58 Ill. 2d 595. It has been consistently held that the Liquor Control Act's local option referendum provisions are constitutional, and that the only notice necessary is that provided for by the Act. See *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E.2d 564, and cases cited therein.

■■ Plaintiffs allege they did not receive adequate notice because on or about September 9, 1974, employees of the Board of Election Commissioners misled them into believing that no petitions for a local option election had been filed for the precincts in question. However, at the time plaintiffs made inquiry of the Board's employees, the petitions

were still at the city clerk's office, where they were properly filed, and had not yet been transmitted to the Board. The Board's employees could not be expected to have knowledge of petitions which had not been received by the Board, and plaintiffs do not claim to have directed any inquiry at the time to the city clerk. Plaintiffs cannot complain of an inquiry they directed to the wrong office.

■■ Plaintiffs' assertion that the ballots did not adequately designate the precincts affected by the election is without merit. The Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 171) provides for the following ballot language:

> "Shall the sale at retail of alcoholic liquor (or alcoholic liquor other than beer containing more than 4% of alcohol by weight) (or alcoholic liquor containing more than 4% alcohol by weight in the original package and not for consumption on the premises) be prohibited in _____?"

Elsewhere, the Liquor Control Act states that for purposes of a local option election:

> " 'Precinct' means any part of a city * * * of over 200,000 population which was a 'voting precinct' or an 'election precinct' for voting at the last general election." (Ill. Rev. Stat. 1973, ch. 43, par. 166.)

The ballots in the 2nd, 4th and 28th precincts explicitly referred to the precincts existing "at the last general election." They thus conformed exactly to the statutory requirements. (*Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E.2d 564.) The ballot in the 23rd precinct, which simply asked if the sale of liquor was to be prohibited "in this 23 Precinct of the 7 Ward City of Chicago" also complied with the statute because there was no change in this precinct between the 1972 and 1974 elections.

■■ Plaintiffs' remaining allegations of election irregularities were conclusions of the pleader, and did not set forth facts sufficient to warrant setting aside the result of the election. For example, there was no allegation of how many votes had been miscounted or improperly invalidated, or how many ineligible persons allowed to vote; more significantly, no facts were alleged to show that, had the irregularities not occurred, the result of the election would have been changed. Consequently, the complaints were properly dismissed. *Zahray v. Emricson* (1962), 25 Ill. 2d 121, 182 N.E.2d 756; *Vanderbilt v. Marcin* (1970), 127 Ill. App. 2d 192, 262 N.E.2d 42.

Plaintiffs contended in their brief in this court that no separate register was kept by the election officials in the 28th precinct of the names of voters who received ballots and cast them as required by section 6 of article IX of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 171)

in the case of a precinct where only a portion of the voters were eligible to cast ballots. This irregularity was not alleged in the complaint, and therefore cannot serve as a basis for reversing the decision of the trial court.

The orders of the trial court dismissing plaintiffs' complaints and denying plaintiffs' post-trial motions are affirmed.

Orders affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.