SAMUEL E. ALEXANDER, Plaintiff-Appellant, v. HARRIS TRUST & SAVINGS BANK, Defendant-Appellee.

First District (5th Division)   No. 79-543

Opinion filed February 22, 1980.

Jeffrey Schulman, of Chicago (Charles E. Alexander, of counsel), for appellant.

Keehn Landis, of Chapman and Cutler, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought this suit as a class action for an accounting of trustees' fees charged by defendant and for reimbursement of any trustees' fees collected in violation of section 5 of "An Act to provide for and regulate the administration of trusts by trust companies" (Ill. Rev. Stat. 1977, ch. 32, par. 291). Defendant moved to dismiss on three grounds: (1) failure to join necessary parties, (2) failure to state a cause of action for violation of section 5, and (3) the statute, if applied, is unconstitutional. The trial court granted defendant's motion to dismiss, and plaintiff appeals from that order.

According to plaintiff's amended complaint, he is a beneficiary of two trusts established by Leo M. Alexander. Defendant, a corporation, is

the trustee of both trusts. By the terms of the trust agreements, defendant was entitled to receive a "fair and just compensation" for its services as trustee. Defendant computes its compensation on the basis of a percentage of the total dollar value of the res of each trust. This method of computation allegedly violates section 5 of "An Act to provide for and regulate the administration of trusts by trust companies" (Ill. Rev. Stat. 1977, ch. 32, par. 291). Section 5 provides that corporate trustees

> "* * * shall be entitled to and shall be allowed proper compensation for all the services performed by them under the provisions of this act; but such compensation shall not exceed that allowed to natural persons for like services." (Ill. Rev. Stat. 1977, ch. 32, par. 291.)

A natural person, acting as trustee (hereinafter natural trustees), determines fees on the actual time spent on trust affairs, and not on a percentage arrangement. In addition, the fees of a natural trustee vary depending upon the complexity of the trust, the number of beneficiaries, the express directions of the trust, and the size and nature of the trust. Because of this method of calculation, the fees of natural trustees are significantly lower than that of defendant. Thus, defendant has violated section 5.

Plaintiff further alleges that defendant is the trustee of over 2,000 trusts which have the identical fee arrangement. These 2,000 trusts involve approximately 5,000 beneficiaries similarly situated to the plaintiff. For those reasons, plaintiff seeks to maintain this suit as a class action. In his prayer for relief, plaintiff requests that an accounting be made to determine the amount of fees charged by defendant in violation of section 5 of "An Act to provide for and regulate the administration of trusts by trust companies" (Ill. Rev. Stat. 1977, ch. 32, par. 291) and that upon determining that amount, defendant be required to reimburse each trust for the unlawful charges.

Defendant moved to dismiss plaintiff's amended complaint on the following grounds: (1) lack of necessary parties; (2) failure to state a cause of action for violation of the statute; and (3) the statute, if applied, would be unconstitutional. The trial court granted defendant's motion to dismiss without stating its reasons. In the order, however, the trial court did state that plaintiff declined leave to amend further his complaint.

OPINION
■■ Where an order grants a motion to dismiss without specifying the ground upon which it is based, each issue raised by the motion is before the appellate court for review. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) In this appeal, we need only

consider whether plaintiff states a cause of action for section 5 of "An Act to provide for and regulate the administration of trusts by trust companies" (Ill. Rev. Stat. 1977, ch. 32, par. 291).

The critical passage from section 5 prohibits a corporation from charging for its services as trustee an amount exceeding "that *allowed* to natural persons." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 32, par. 291.) This statute does not require corporate trustees to charge the same as natural trustees or to use the same method of computation in reaching its fees, but rather limits the fees of corporate trustees to that *allowed* natural trustees. In essence, the statute treats corporate trustees and natural trustees equally and limits fees to that allowed natural trustees. We now address the question of what a natural trustee may charge for its services.

We believe this issue may be best approached from a historical viewpoint. At English common law, a trustee received no compensation for his services regardless of the terms of the trust agreement. (See *Arnold v. Alden* (1898), 173 Ill. 229, 50 N.E. 704.) Illinois, however, did not follow the English rule and allowed compensation for the trustee if provided for in the trust agreement. (*Constant v. Matteson* (1859), 22 Ill. 546.) In 1887, the Illinois legislature enacted a statute allowing a trustee, with limited exceptions, a reasonable compensation where the trust agreement fails to cover this matter. (Ill. Rev. Stat. 1971, ch. 148, par. 31.) This statute was repealed in 1973 (Pub. Act 78-625, par. 20, eff. Oct. 1, 1973), and in its place was enacted the Trust and Trustees Act. (Ill. Rev. Stat. 1977, ch. 148, par. 101 *et seq.*) The provisions of this Act are to be applied to trusts created after October 1, 1973. However, where the terms of the trust agreement are inconsistent with the Act, the trust agreement controls. (Ill. Rev. Stat. 1977, ch. 148, par. 103.) When the Act is applicable to a trust, the trustee "shall be entitled to reasonable compensation for services rendered." (Ill. Rev. Stat. 1977, ch. 148, par. 107.) In summary, under trusts created prior to October 1, 1973, a natural trustee is entitled to the compensation expressly provided for in the trust agreement, or if not provided for in the trust agreement, to a reasonable compensation pursuant to section 1 of "An Act concerning compensation of trustees" (Ill. Rev. Stat. 1971, ch. 148, par. 31).

■■ In the present case, plaintiff has alleged that defendant's trustee fees violate section 5 of "An Act to provide for and regulate the administration of trusts by trust companies" (Ill. Rev. Stat. 1977, ch. 32, par. 291). A violation of section 5 occurs where the fees of a corporate trustee exceed that *allowed* to natural trustees. Here the two trusts under which plaintiff is a beneficiary were created prior to 1973, and therefore the propositions of law stated above determine the amount of fees allowable to a natural trustee. The trust agreements expressly provide that defendant, a corporate trustee, is entitled to a "fair and just compensation" for its

services. Since a natural trustee may receive compensation for its services as provided for in the trust agreement, this defendant may also receive compensation as provided for in the trust agreements. Thus, the provision in these trust agreements providing for the compensation of defendant does not violate section 5.

Plaintiff also alleges that defendant's computation of its fees on a percentage basis results in significantly higher fees than those of natural trustees and therefore violates section 5. As we have stated above, section 5 does not prohibit corporate trustees from receiving greater fees than natural trustees, but from receiving more than that allowed natural trustees. Since a natural trustee could receive fees on a percentage basis if provided for in the trust agreement, defendant may also compute its fees on this basis. We note also that plaintiff's complaint does not allege that defendant's method of computation violates the trust provision for a "fair and just compensation" or is unreasonable. Consequently, we hold that plaintiff's complaint fails to state a cause of action for violation of section 5.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.