LIQUOR HUT, INC., *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 79-479

Opinion filed May 28, 1980.

Morton Siegel, Ltd., of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke and Jetta N. Jones, Assistant Corporation Counsel, of counsel), for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiffs filed a complaint to contest the validity of a local referendum held pursuant to the provisions of article IX of the Liquor

Control Act (the Act)(Ill. Rev. Stat. 1977, ch. 43, pars. 166-182). In addition to election irregularities, the complaint alleged that the petitions for the local referendum filed with the city clerk failed to adequately describe the precinct and list the names and addresses of the liquor licensees in the precinct as required by section 4, article IX of the Act (Ill. Rev. Stat. 1977, ch. 43, par. 169). The complaint sought injunctive relief, a declaration that the election was void and reinstatement of plaintiffs' license to sell liquor at retail. The defendants filed a motion to strike and dismiss the complaint. The trial court granted the motion and ordered the revocation of all liquor licenses in the precinct.

The plaintiffs are the sole retail liquor licensee in the precinct. Petitions requesting a local referendum on whether retail liquor sales should be prohibited in the 49th precinct of the 21st ward in the city of Chicago were purportedly signed by 25 percent of the legal registered voters. On November 7, 1978, approximately one week after the plaintiffs submitted their license renewal fee to the city of Chicago, the local referendum was held and the proposition to prohibit retail liquor sales was passed. On November 10, 1978, the canvass of the referendum was conducted, and the plaintiffs were notified by the Chicago police department to close their business establishment on December 26, 1978. The plaintiffs filed their complaint on January 19, 1979.

The defendants' motion to dismiss set forth several grounds, but the trial court did not specify the basis for the dismissal. Where a court grants a motion to dismiss without specifying the reason, each issue raised by the motion is before the appellate court for review. (*Alexander v. Harris Trust & Savings Bank* (1980), 81 Ill. App. 3d 1047, 401 N.E.2d 1168.) However, in the instant appeal we find it necessary only to consider whether the plaintiffs' complaint was timely filed.

Section 4, article IX of the Act (Ill. Rev. Stat. 1977, ch. 43, par. 169) explicitly sets forth the manner of contesting the validity of proposition petitions and provides in part as follows:

> "Any 5 legal voters or any affected licensee of any political subdivision, district or precinct in which a proposed election is about to be held as provided for in this Act, within any time up to 30 days immediately prior to the date of such proposed election * * * may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court for the county in which the * * * precinct is situated, setting forth the grounds for contesting the validity of such petitions."

The legislative purpose of this time requirement is to provide for a determination of the validity of the petition before the trouble and expense of the election and to prevent a challenger from gambling on the outcome of the election. *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390,

365 N.E.2d 709; *Schierhorn v. Marcin* (1973), 10 Ill. App. 3d 551, 294 N.E.2d 771; *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189.

The plaintiffs urge this court to disregard the requirements of section 4, article IX of the Act because they were not aware that petitions had been circulated or that an election was held until after the time for filing their complaint expired. They contend that the circulated petitions did not list the names and addresses of all precinct licensees as required by this section and that the purpose of this requirement was to provide notice of the proposed referendum to the resident voters *and* affected licensees. They argue that the omission of their name from the proposition petition denied them procedural due process because they were not given constructive or actual notice of the upcoming referendum and that this omission is sufficient to confer jurisdiction on the trial court to declare the subsequent election void.

We disagree. The validity or legal sufficiency of the proposition petitions can only be raised in a pre-election challenge filed pursuant to section 4, article IX of the Act. (*Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 358 N.E.2d 1218.) Alleged irregularities in the petitions will not confer jurisdiction in the absence of compliance with the Act. (See *Schultz v. Marcin* (1972), 8 Ill. App. 3d 91, 289 N.E.2d 286.) Furthermore, we do not believe that the plaintiffs were denied procedural due process because of a lack of notice. The plaintiffs' reliance on section 4, article IX of the Act to infer a notice requirement is misplaced. The relevant portion of that section provides:

"A petition for a proposition to be submitted to the voters of a precinct shall also contain in plain and non-legal language a description of the precinct to be affected by the election. The description shall describe the territory of the precinct by reference to streets, natural or artificial landmarks, addresses, or by any other method *which would enable a voter signing such petition to be informed* of the territory to be affected. Each such petition for a precinct referendum shall also contain a list of the names and addresses of all licensees in the precinct." (Emphasis added.)

(Ill. Rev. Stat. 1977, ch. 43, par. 169.) The requirement that the names of all licensees in the precinct be included in the petition appears to be intended as notice to the petition signers, not to the licensees, since that requirement is set forth in a paragraph devoted exclusively to providing information to the signers of the petition.

The Act's local referendum provisions have been declared constitutional, and the only notice necessary is that provided by the Act. (*Cooper v. Marcin.*) The Act contains a specific provision governing the issue of notice which we find controlling. This section also states that the failure to give notice or make publication shall not affect the validity or

binding force of the vote upon the proposition. (Ill. Rev. Stat. 1977, ch. 43, par. 170.) The plaintiffs do not contend that the notice provisions of article IX of the Act were violated.

In addition to contesting the sufficiency of the proposition petitions, the plaintiffs alleged election irregularities and sought to void the election results on this basis as well. The plaintiffs failed to comply with section 17, article IX of the Act, which provides that a verified petition contesting the validity of a local option election must be filed within 10 days after the canvass of the returns of the election. (Ill. Rev. Stat. 1977, ch. 43, par. 182.) The canvass of the local referendum in the instant case was conducted on November 10, 1978. The plaintiffs did not file their complaint contesting the validity of the election until January 19, 1979, more than 10 days after the canvass. The plaintiffs' complaint was not filed within the times specified in the Act.

Therefore, for the foregoing reasons the judgment of the Circuit Court of Cook County dismissing the plaintiffs' complaint is affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.