YE OLDE SHAMROCK, LTD., *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (3rd Division)    Nos. 79-1956 through 79-1958 cons.

Opinion filed March 25, 1981.—Modified on denial of rehearing May 20, 1981.

Morton Siegel, Ltd., of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

These actions were brought to contest the validity of local referendums held pursuant to article IX of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, pars. 166 through 182). In the referendums, the voters elected to prohibit the retail sale of alcoholic liquor in their precincts. The trial court granted defendants' motion to dismiss the complaints. We affirm.

Plaintiffs filed complaints pursuant to section 17 of article IX of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 182) to contest the

validity of local referendums held on April 3, 1979, in the 44th precinct of the 48th ward and the 45th precinct of the 36th ward of Chicago, and a referendum held on November 7, 1978, in the 3rd precinct of the 34th ward of Chicago. In the complaints, each of which was filed within 10 days after the canvass of the returns of the election, plaintiffs alleged that the proposition petitions failed to contain a list of the names and addresses of all licensees in the precinct to be affected as required by section 4 of article IX of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 169). In two of the complaints, they also alleged that the petitions failed to adequately describe the precinct as required by section 4 of article IX (Ill. Rev. Stat. 1977, ch. 43, par. 169).

Plaintiffs contend that the failure of the petitions to include the names and addresses of the licensees in the precincts and the failure of the petitions to include descriptions of the precincts in plain and nonlegal language invalidate the local referendums and constitute a denial of due process. In support of their argument, plaintiffs state that the signers of the petitions, as well as the residents and licensees in the precincts, were not informed as to which licenses were to be revoked. Defendants maintain that plaintiffs' objections should have been raised prior to the election, and therefore, the trial court properly dismissed the complaints. We agree with defendants.

■■ Section 4 of the article IX of the Act provides that the validity of petitions may be contested within any time up to 30 days immediately prior to the date of the proposed election. (Ill. Rev. Stat. 1977, ch. 43, par. 169.) The purpose of section 4 of article IX is to have a determination regarding the validity of the petition before the trouble and expense of an election, and to prevent a challenger from gambling on the outcome of the election. (*Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 391, 365 N.E.2d 709, 710; *Schierhorn v. Marcin* (1973), 10 Ill. App. 3d 551, 553, 294 N.E.2d 771, 772; *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 535, 270 N.E.2d 189, 191.) It is well settled that section 4 of article IX controls in establishing a time period for contesting petitions (*Robertson*, 50 Ill. App. 3d 390, 391, 365 N.E.2d 709, 710; *Havlik*, 132 Ill. App. 2d 532, 534-35, 270 N.E.2d 189, 191), and therefore, petitions may only be challenged prior to the referendum. (*Liquor Hut, Inc. v. Marcin* (1980), 84 Ill. App. 3d 718, 720, 406 N.E.2d 139, 141; *Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 920, 358 N.E.2d 1218, 1219.) Thus, since plaintiffs' complaints were filed after the election, their challenges were clearly untimely.

Plaintiffs argue that section 4 of article IX should not apply to them because they had no notice of the referendums. They contend that a mandatory notice provision is implied from the portion of section 4 of article IX which requires a listing of the licensees and their addresses. They argue that section 4 of article IX is meant to require notice to the

residents and licensees of the precinct, and that the failure to provide this notice denied them due process.

■■■ We do not agree with plaintiffs' contention that such a mandatory notice requirement is implied in section 4 of article IX. The requirement of a listing of licensees and their addresses is intended to provide information to the signers of the petition, not to provide notice to the licensees or residents of the precinct in general. (See *Liquor Hut*, 84 Ill. App. 3d 718, 720, 406 N.E.2d 139, 141.) As to the licensees or residents of the precinct, the only notice required is the notice expressly provided for in section 5 of article IX of the Act (Ill. Rev. Stat. 1977, ch. 43, par. 170). (See *Liquor Hut*, 84 Ill. App. 3d 718, 720, 406 N.E.2d 139, 141; *Cooper*, 44 Ill. App. 3d 918, 920, 358 N.E.2d 1218, 1219; *Walker v. Marcin* (1974), 24 Ill. App. 3d 791, 321 N.E.2d 406 (abstract).) Moreover, this section provides that failure of the clerk to cause notice to be given or the failure to make publication of the submission of the proposition shall not affect the validity or binding force of the vote upon the proposition. (Ill. Rev. Stat. 1977, ch. 43, par. 170.) We therefore conclude that failure to list the licensees and their addresses does not invalidate the referendums, and we do not believe that plaintiffs were denied procedural due process because of a lack of notice. *Liquor Hut*, 84 Ill. App. 3d 718, 720, 406 N.E.2d 139, 141.

Accordingly, the orders of the circuit court dismissing plaintiffs' complaints are affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.