BRUCE LOVE *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.—ALEX S. RALSTON *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.—LEODIS WESTBROOKS *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 76-51, 76-202, 76-203 cons.

Opinion filed March 31, 1977.

Morton Siegel, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The only issue in this case is whether a proposition ballot to prohibit the sale of alcoholic liquor was in proper statutory form where it described the precinct by its legal or proper name. We agree with the trial court that it was, and affirm.

The plaintiffs in these consolidated actions seek to enjoin the election commissioners of the City of Chicago from filing with the Secretary of State of Illinois the reports of three "local option" elections held on April 1, 1975, on the grounds that the ballots listed the precincts only by their legal names and "failed to otherwise describe the precinct(s) in violation of Article IX, Sections 169 and 171." (Ill. Rev. Stat. 1973, ch. 43, pars. 169 and 171.)[1] The ballot given to the voters of the 40th precinct of the 29th Ward submitted the proposition as follows:

"Shall the sale at Retail of Alcoholic Liquor be prohibited in this 40th Precinct of the 29th Ward of the City of Chicago?"

At the top of the ballot were the words "For use in Precinct 40, Ward 29 of

---

[1] Certain other grounds were specified in the complaint but they have not been presented or argued on appeal and are therefore waived.

the City of Chicago." The ballot for Precinct 17 of Ward 6 was identical in format. The ballot for the final precinct stated the proposition as follows:

"Shall the sale at retail of alcoholic liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises be prohibited in the 1st Precinct of the 21st Ward of the City of Chicago?"

As was true with the other two ballots, there was language at the top of the ballot indicating that the ballot was for use in that precinct.

The trial court granted the defendant's motion to strike the complaint, and the plaintiffs appealed.

Section 6, article IX, of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 171), provides that:

"The clerk with whom a petition is filed shall cause the proposition to be plainly printed upon separate ballots as follows:

| Shall the sale at retail of alcoholic liquor (or alcoholic liquor other than beer containing not more than 4% of alcohol by weight) (or alcoholic liquor containing more than 4% alcohol by weight in the original package and not for consumption on the premises) be prohibited in _____ _____? | YES | |
|---|---|---|
| | NO | |

Section 1 of that article sets forth what is to be inserted in the blank, stating:

"In the phrase, 'Shall the sale at retail of alcoholic liquor (or alcoholic liquor other than beer containing not more than 4% of alcohol by weight) (or alcoholic liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises) be prohibited in _____?' the *proper name*, whether of a 'township', 'road district', 'precinct', 'city', 'village' or 'incorporated town' shall be understood to be inserted in the blank, and the same shall be inserted in the petitions filed by and the ballots prepared for the voters of any precinct, township, road district, city, village or incorporated town." (Emphasis added.)

It is obvious that the ballots in this case precisely complied with the

statutory requirements since the legal designation of the particular precinct was inserted on the ballot. Accordingly, the ballots here complied with the statute and were valid. See *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E.2d 564.

■■ It is clear that the statute does not require the insertion of a description of the boundaries of the precinct. But the plaintiffs in effect contend that the form set forth by the legislature should be held invalid as vague and imprecise since many voters do not know the precise boundaries of their precinct and ward. Furthermore, the plaintiffs contend that they should be entitled to canvass the precincts and wards and to prove to the court that the voters did not in fact understand the ballot, citing *People ex rel. Black v. Sullivan* (1910), 247 Ill. 176, 93 N.E. 97.

■■ The plaintiffs' contention that the ballots are vague and imprecise was, however, answered in the case of *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189, where the court, while recognizing that most voters do not know the precise boundaries of their precinct or ward, ruled that as a general matter every voter of intelligence would know that the words "this precinct" applied to the compact geographical area within which his home and polling place were located. Accordingly, the court in that case held that the phrase "this precinct" was sufficient to describe the area involved. In the case at bar, the ballot for the 40th precinct described it as "this 40th precinct of the 29th Ward" and that for the 17th precinct described it as "this 17th precinct of the 6th Ward." Furthermore all three ballots at the top indicated that they were for use only for voters in that precinct and ward. Thus, there is no doubt that the voters in those precincts were aware they were voting to ban the sale (or partial sale) of liquor in the "compact geographical area within which [their homes] and polling place are located."

*Sullivan*, cited by the plaintiffs, is not applicable under the facts of this case. In that case, the form of the ballot was not mandated by statute, as it was here. Furthermore, the court did not allow the canvassing of voters to set aside a form of ballot which on its surface appeared to be unambiguous as the plaintiffs would do here. To the contrary, the court found that the form of the ballot in that case was clearly ambiguous but that since over 50% of the voters filed affidavits that they understood the significance of a "yes" vote and voted accordingly, the election was upheld.

■■ To conclude, it is clear the ballots in this case comply with the requirements set forth by statute and we see no reason to go beyond the statutory requirements, particularly since the question involves the control of the sale of liquor, an occupation not subject to the protection of due process under the constitution. (*Malito v. Marcin* (1973), 14 Ill. App.

3d 658, 303 N.E.2d 262, *appeal denied,* 55 Ill. 2d 602, *dismissed for want of a substantial Federal question,* 417 U.S. 962, 41 L. Ed. 1135, 94 S. Ct. 3164.) Accordingly, we affirm the decision of the trial court in dismissing the complaint.

Judgment affirmed.

JOHNSON and LINN, JJ., concur.