TARA BROOKS *et al.*, Plaintiffs-Appellants, v. THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—01—2283

Opinion filed August 30, 2002.—Rehearing denied November 1, 2002.

Lavelle, Motta, Klopfenstein & Saletta, Ltd., of Franklin Park (Michael E. Lavelle, of counsel), and William J. Cooley, of Chicago, for appellants.

James M. Scanlon & Associates, P.C., of Chicago (James M. Scanlon, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

Two sets of plaintiffs, who included Tara Brooks, Mary Strikland, Evie Crosby, Regina Fields, Johnny Solomon, Cheryl Wilson, Reva Price, Michael Lynch, Esmeralda Lopez, Bryan Tubbs, Christine Clark, Curtis Jeffers, Juanita T. Randle, Diane Randle, Willie B. Randle, Jr., Lawrence Tate and Ernest Lee, each filed a complaint to contest the validity of a local option election conducted in the 28th and 34th precincts of the 29th ward of the City of Chicago. In the election, two propositions regarding whether the sale of retail alcoholic liquor should be prohibited in the precincts were submitted to the voters. Plaintiffs' complaints, which were subsequently consolidated, alleged that the defendant, Board of Election Commissioners of the City of Chicago (the Board), submitted a ballot that was both "inherently vague and ambiguous" and "an illegal referendum and form of ballot." Following a hearing on the parties' cross-motions for summary judgment, the trial court granted defendant's motion for summary judgment and denied plaintiffs' motion. Plaintiffs now appeal.

On appeal, plaintiffs argue that the ballot: (1) fails to substantially comply with the Liquor Control Act of 1934 (235 ILCS 5/1—1 *et seq.* (West 1994)); and (2) violates the Voting Rights Language Assistance Act of 1992 (42 U.S.C. §§ 1973aa—1a(b)(1), (b)(2)(A)(i)(I) (1994)).

For the following reasons, we affirm.

## I. BACKGROUND

On November 7, 2000, a local option election was held in the 28th and 34th precincts of the 29th ward in Chicago. The Board, in its capacity, caused two propositions to be submitted to the voters in that election which asked whether the retail sale of alcohol should be prohibited in those precincts.

The Board has utilized a punch card system of voting in all precincts in Chicago since 1982. Since the March 2000 primary election, the Board has used a punch card ballot containing 456 punch positions and corresponding numbers. The ballot card is inserted into a ballot book assembly containing ballot label pages with the names and ballot position numbers of each candidate, as well as any submitted propositions. For propositions, a ballot position number is assigned to a punch position enabling a "Yes" vote, while a separate ballot position number is assigned to a punch position enabling a "No" vote. The voter uses a stylus as a punching device to punch out the perforated squares, known as "chads," which correspond to the assigned ballot numbers.

Section 9—6 of the Illinois Liquor Control Act of 1934 (Liquor Control Act) (235 ILCS 5/9—6 (West 1994)) specifies the format of local referenda on the retail sale of alcoholic liquor and provides that the proposition be in substantially the following form:

| | | |
|---|---|---|
| Shall the sale at retail of alcoholic liquor (or alcoholic liquor other than beer containing not more than 4% of alcohol by weight) (or alcoholic liquor containing more than 4% alcohol by weight in the original package and not for consumption on the premises) be prohibited in (or at) ...............? | YES | |
| | NO | |

The form of the propositions on the ballot utilized in the November 7, 2000, local election looked roughly as follows:

| | | |
|---|---|---|
| 414 | SI<br>YES | **"Shall the sale at retail of alcoholic liquor be prohibited in this 28th Precinct of the 29th Ward of the City of Chicago?" (as such precinct existed as of the last General Election)** |
| 416 | NO<br>NO | "Debe la venta al detal bebidas alcoholicas ser prohibida en este 28avo Recinto del 29avo Distrito de la Ciudad de Chicago?" (como tal recinto existia desde la ultima Eleccion General) |

On November 27, 2000, two sets of plaintiffs, legal voters in the two named precincts of the 29th ward, filed complaints against the Board challenging the validity of the local option election. The complaints alleged that the Board's submitted ballot: (1) did not

comply with the Liquor Control Act (235 ILCS 5/9—6 (West 1994)), and (2) in form, unequally affected two competing classes because it unjustly benefitted the proponents of the proposition and unjustly burdened the opponents in the manner of its design. The complaint included allegations that, unlike the statutory requirements:

"a. The Board created an English and Spanish version of the same question inside one rectangular space; and,

b. The Board created a form of proposition in paragraph 8 that allows for a 'yes' choice exclusively alongside the English question and a 'no' choice exclusively alongside the Spanish question; and,

c. The Board created a form of proposition in paragraph 8 that provides for a bold type of English question, with an enlarged yes for an affirmative answer, while the Spanish question and negative answers are not bolded or enlarged; and

d. The Board created a form of proposition in paragraph 8 that provides for voting spaces upon the left side of the proposition."

On May 16, 2001, the Board filed a motion for summary judgment. The Board asserted that the ballots submitted in the local option election substantially complied with the provisions of section 9—6 of the Liquor Control Act (235 ILCS 5/9—6 (West 1994)) and provided voters with a clear and meaningful choice either for or against the local option propositions. Both sets of plaintiffs then moved for summary judgment as well. In support of their motion for summary judgment, the plaintiffs attached the affidavit of Michael Lavelle, one of the plaintiffs' attorneys in this case, who averred that the vote results in the 28th and 34th precincts were in favor of the local option, therefore resulting in the prohibition of sale of alcohol in those precincts. On April 26, 2001, the complaints, which were virtually identical, were, by agreement, consolidated for the purposes of summary judgment.

On May 31, 2001, immediately prior to the hearing on the parties' cross-motions for summary judgment, the parties stipulated to a series of facts including:

—English text was only printed alongside the "Yes" choice. Spanish was not.

—English text and choices were printed on the ballot with bolder type than Spanish.

—English choices (but not proposition text) were printed on the ballot with larger type than Spanish.

—English and Spanish texts were printed inside one rectangular ballot space.

—On November 3, 1992, the local option had two separate and facing pages, with English on one page and the Spanish on the other, with common answers and arrows in the middle of each.

—Sufficient space existed on the November 7, 2000, ballot to allow the English and Spanish languages a separate page.

Following the hearing, the court granted the Board's motion for summary judgment. The court found:

> "[T]he ballot configuration as presented to the voters in the 28th and 34th precinct of the 29th ward at the general election held on November 7, 2000, does substantially conform to the required form, thus substantially conform [*sic*] to the required form as established by the Liquor Control Act. The court also finds that the ballot provided those voters with a clear and meaningful choice to vote either for or against said provision."

The court additionally found that the ballot complied with the requirements of the Voting Rights Language Assistance Act of 1992 (42 U.S.C. §§ 1973aa—1a (b)(1), (b)(2)(A)(i)(I) (1994)) pursuant to which the Board is required to translate such propositions as the ones at issue in this case. The court denied plaintiffs' motion for summary judgment as well. Plaintiffs now appeal.

## II. ANALYSIS

Plaintiffs first argue that the ballot submitted to the voters by the Board fails to substantially comply with section 9—6 of the Liquor Control Act (235 ILCS 5/9—6 (West 1994)). Specifically, plaintiffs maintain that deviations in the ballot affected the voters' choice and rendered the ballot invalid. Plaintiffs additionally argue that ballot equivalency and voter equality were not met in this case.

■ The procedural posture of the instant case is an appeal from a grant of summary judgment. The reviewing court applies a *de novo* standard of review to summary judgment orders. *Hagen v. Distributed Solutions, Inc.*, 328 Ill. App. 3d 132, 137 (2002). There is no disputed issue of material fact in the present case. "Where there is no genuine issue of material fact, the sole function of a reviewing court is to determine whether the trial court's judgment was correct as a matter of law." *Villarreal v. Village of Schaumburg*, 325 Ill. App. 3d 1157, 1160 (2001), citing *Cates v. Cates*, 156 Ill. 2d 76, 78 (1993). In addition, it is well established that statutory construction is a question of law to be decided by the reviewing court without deference to the judgment of the trial court. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 12 (1996).

■ "When a special statute dictates the form of the ballot, there must be substantial compliance with the special statutory mandate or the election is void." *Krauss v. Board of Election Commissioners of the City of Chicago*, 287 Ill. App. 3d 981, 984 (1997), citing *Smith v. Calhoun Community Unit School District No. 40*, 16 Ill. 2d 328, 332 (1959). Substantial compliance, rather than exact compliance, with this type of statutory ballot is sufficient. *People ex rel. Davis v. Chicago,*

*Burlington & Quincy R.R. Co.*, 48 Ill. 2d 176, 182 (1971). To determine whether there has been substantial compliance, the test is whether the voter was given as clear an alternative as if the statutory form had been identically followed. *Dick v. Roberts*, 8 Ill. 2d 215, 221 (1956). "A ballot is sufficient if the voter has a clear opportunity to express a choice either for or against it." *Krauss v. Board of Election Commissioners of the City of Chicago*, 287 Ill. App. 3d at 984, citing *Hoogasian v. Regional Transportation Authority*, 58 Ill. 2d 117, 123 (1974). Therefore, courts consider whether the deviation in the ballot was misleading or confusing to the voters. *Davis*, 48 Ill. 2d at 182.

In the case at bar, plaintiffs are not taking issue with the sufficiency of the substance of the proposition, but are arguing that the form of the proposition did not comply with section 9—6 of the Liquor Control Act (235 ILCS 5/9—6 (West 1996)). While plaintiffs refer to the Spanish translation of the proposition as "unintelligible foreign Spanish" at several points in their brief, they fail to point to any exact language that was improperly translated. There is no alleged deviation from the statutory language; therefore, the issue before us is whether the form of the proposition gave the voters a clear and understandable statement of the alternatives before them.

■ We hold that the ballot in this case substantially complied with section 9—6 of the Liquor Control Act (235 ILCS 5/9—6 (West 1994)). The ballot utilized in the November 7 election, as shown previously, offered the voter a "clear and understandable statement of the alternatives before him." *Havlik v. Marcin*, 132 Ill. App. 2d 532, 536 (1971).

The ballot at issue provided an English form of the statutory question whether the sale of retail alcoholic liquor should be prohibited in the precinct, as well as a translated Spanish form of the question. We will address plaintiffs' assertions with respect to each alteration complained of. First, plaintiffs take issue with the fact that both the English and Spanish versions of the question are in the same box. However, plaintiffs fail to explain why this form is objectionable or how it would confuse voters. In actuality, it would seem logical that the ballot's form of placing both versions in the same box, without a separating line, is less confusing to the voter because both versions present the identical question. The form of the ballot utilized in *Krauss v. Board of Election Commissioners of the City of Chicago*, 287 Ill. App. 3d 981, had a line dividing the English and Spanish versions of the proposition. Although on appeal we did not reach the issue of whether that form complied with section 9—6, that version appears to be considerably more confusing than the ballot form utilized in the case at bar.

Second, plaintiffs' unsupported claim that because the English

version happens to align directly with the "Yes" or "Si" choice, while the Spanish version aligns directly with the "No" or "No" choice, the voter is deceived is unpersuasive. The ballot employs substantially the same design as provided by the statute; the proposition in one box, and the possible responses to that proposition directly adjacent in separate boxes. We fail to see how voters are deceived by this ballot.

Third, to the left of that single box containing the question, there are two boxes, one box provides a "Yes" choice, translated into Spanish, and one box provides a "No" choice, translated into Spanish. Plaintiffs cannot take issue with the fact that the response boxes were placed to the left of the propositions, as opposed to the right of the propositions, because this design was necessary to accommodate a punch card system of voting.

Finally, plaintiffs appear to be asserting that the Board should have utilized two separate boxes, one for English and one for Spanish, on opposing pages with the arrows of each box pointing the voters to the same punch hole positions. Plaintiffs' sole support for that argument is that the Board has provided no reason why the ballot issue could not have been placed in two separate boxes on opposite pages. This argument is without merit where plaintiffs have cited no authority indicating that the Board has a responsibility to provide such a reason.

We do acknowledge, as did the trial court, that in the ballot the English version of the proposition was emboldened, while the Spanish version was not; and that the English version of the response was emboldened and larger than its unemboldened Spanish counterpart. We do not find, however, that this alteration results in rendering the ballot noncompliant. Plaintiffs fail to explain how, even if we were to assume, *arguendo*, that this ballot favors the English language over Spanish, a voter is deprived of an understandable choice between a yes or no response. Furthermore, as the trial court stated:

> "The Liquor Control Act did not take into consideration the possibility of having the proposition translated into another language, for example, as provided by the legislature; however, the legislature did use the word 'substantial' in describing how a proposition should be provided to the voter. Thus the legislature realized that certain changes to their example may be necessary in preparing the ballot."

Illinois case law on the exact issue of the substantial compliance of the ballot proposition form is sparse. This court, in *Krauss*, did hold that the voters stated a valid cause of action contesting the validity of ballots used in a local options election. *Krauss v. Board of Election Commissioners of the City of Chicago*, 287 Ill. App. 3d at 988. However,

in *Krauss* we determined that the *substance* of the propositions did not substantially comply with section 9—6, and therefore, we did not address whether the *form* of the propositions complied with section 9—6. Similarly, both *Havlik v. Marcin*, 132 Ill. App. 2d 532, and *Love v. Marcin*, 47 Ill. App. 3d 715 (1977), cited by the Board, involved the substantial compliance of the contents of the substance of the propositions. In those cases, this court held that local option election ballots which described the affected area as "this precinct" gave voters a clear and understandable statement of alternatives and was in sufficient legal form. See *Havlik v. Marcin*, 132 Ill. App. 2d at 536; *Love v. Marcin*, 47 Ill. App. 3d at 718.

The Board asserts that there is no evidence in the record indicating actual voter confusion in this case. The Board argues that plaintiffs' passing reference to a Chicago Tribune article which discussed numerous problems with the November election, without any analysis, as proof of voter confusion is clearly insufficient. We reject the Board's argument. Neither the Liquor Control Act nor cases addressing the validity of a ballot proposition require a plaintiff to allege prejudice or actual voter confusion. *Krauss v. Board of Election Commissioners of the City of Chicago*, 287 Ill. App. 3d at 983. This is because challenges to the validity of an election question the basic legality of the election, not the outcome. *Ross v. Kozubowski*, 182 Ill. App. 3d 687, 694 (1989). Consequently, the failure of plaintiffs to allege or prove prejudice or actual voter confusion is not a basis to affirm summary judgment for the Board.

Based upon the present record, none of the plaintiffs' enumerated defects, even considered collectively, deprived the voters of a clear and meaningful choice to either vote for or against the proposition at issue in this case. In reviewing the proposition as stated on the ballot, the question uppermost in the mind of every voter would be whether or not the sale of alcoholic liquor should be prohibited in the precinct in which that voter lived and voted. As this court noted in *Behrman v. Whiteside School District No. 115*, 143 Ill. App. 3d 154, 159 (1986), " 'a literal compliance with prescribed forms [will] not be required if it appears that the spirit of the law has not been violated and the result of the election has been fairly ascertained' [citation]." We agree with the Board that, while reasonable people may hold different opinions on how the ballot form and layout could be designed, there is nothing that obligates the Board to create a "perfect" ballot. The ballot need only "substantially comply" with the statutory ballot requirements. In this case, the ballot substantially complied with the statute and "we see no reason to go beyond the statutory requirements, particularly since the question involves the control of the sale of liquor, an occupa-

tion not subject to the protection of due process under the constitution." *Love v. Marcin*, 47 Ill. App. 3d at 718.

▪ Plaintiffs next argue that the ballot utilized in this case violates the Voting Rights Language Assistance Act of 1992 (42 U.S.C. §§ 1973aa—1a (b)(1), (b)(2)(A)(i)(I) (1994)). The Voting Rights Language Assistance Act provides that "no covered State or political subdivision shall provide voting materials only in the English language" where "more than 5 percent of the citizens of voting age of such State or political subdivision are members of a single language minority and are limited-English proficient."

However, while we acknowledge that the Voting Rights Language Assistance Act (the Act) requires that ballots be translated, the Act does not dictate the form of the ballot to be utilized. Plaintiffs appear to be arguing that the ballot design utilized by the Board was not required by the Act, and since there was "no legal authority to create or condone what occurred here," the Board's design violated the Act. That reasoning is illogical.

▪ Plaintiffs' attempt to more clearly assert their argument in their reply brief by stating that the "Spanish language version is required by the Act but the Spanish version should be a separate question" fails to bring clarity to their argument. Plaintiffs first fail to point to any actual language of the provision in the Act that was violated. Plaintiffs fail to cite any authority for their argument that a violation of the Act occurred because this particular design was not required by law. Plaintiffs' argument here merely reiterates their previous argument that the ballot design utilized by the Board is "jumbled" and confusing. Plaintiffs' bare allegation that the Board is required to "enhance multi-culturalism" and cannot "design a configuration with impunity if it works to confuse the language majority" will not suffice to establish a violation of the Act. Plaintiffs' claim that if the proposition dealt with a more important political issue, the ballot design at issue would not be permitted, also fails to lend any logical or legal support to their argument that this ballot is violative of the Act. Therefore, we hold that the Board did not violate the Voting Rights Language Assistance Act in submitting this ballot to the voters.

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

CAMPBELL, P.J., and REID, J., concur.